UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-562-RJC

| | |
|---|---|
| CURTIS LEE, <br> a/k/a STEVEN ACKRIDGE, <br><br> Plaintiff, <br><br> v. <br><br> RICHARD NELLY, Superintendent, <br> Lanesboro Correctional Institution; <br> HERBERT JACKSON, Superintendent, <br> Brownsboro Correctional Institution; <br> SAMI HASSAN, Doctor; <br> Carolina Bone and Joint Center, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **ORDER** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se complaint which he filed pursuant to 42 U.S.C. § 1983, and his motion for a copy of his complaint so that he may attempt to serve the named-defendants in this matter. See 28 U.S.C. § 1915A(a).

In his complaint, Plaintiff alleges that in July 2010, he was a prisoner of the State of North Carolina and housed in the Lanesboro Correctional Institution (Lanesboro).[1] Plaintiff asserts that Officer Kiker ordered him to mop up some rain water that had gathered on the floor. While Plaintiff was performing this task, he slipped and fell to floor and broke his hand. Plaintiff rose from the floor and showed Officer Kiker his hand which was bleeding because the broken bone had pierced the skin. Plaintiff signed up for sick call and was evaluated by a nurse and his hand was later X-rayed and the test confirmed that his hand was broken. At this point, Plaintiff contends that he should have been taken to a hospital for treatment but instead he was transferred from

---

[1] All of the allegations are accepted as true for the purpose of this initial review.

1

Lanesboro to Brown Creek Correctional Institution (Brown Creek). Plaintiff was X-rayed on two more occasions and each test confirmed that his hand was broken and the final test noted ligament damage. Plaintiff was informed by Dr. Hassan that his hand would be treated before his impending release from prison, however Plaintiff was released on September 21, 2010, and he had yet to receive treatment. Plaintiff states that he filed a grievance before his release to complain about the lack of treatment but he was released before he ever received a response from prison officials.

Plaintiff received surgery after his release but he claims that his hand is permanently disfigured due to the delay in treatment. In his claim for relief, Plaintiff is seeking compensatory damages in the amount of $500,000.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

The Court finds that at this stage the Plaintiff's allegations state a claim for relief for deliberate indifference to his serious medical needs while he was a prisoner of the State of North Carolina. Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, the plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mount Rainer, 238 F.3d 567, 575-76 (2001) (citing White ex rel. White v. Chambliss, 112 F.3d 731, 737 (4th Cir. 1997) ("A claim of deliberate indifference . . . implies at a minimum that defendants were plainly placed on notice of a danger and chose to ignore the danger notwithstanding the notice.").

The Court further finds that the complaint against Dr. Hassan should be dismissed because even the allegations as they are considered in the light most favorable to Plaintiff tend to show that Dr. Hassan was under the impression that Plaintiff would in fact receive treatment before his release. There are simply no allegations that Dr. Hassan influenced his early release in an effort to thwart his ability to receive medical treatment for his hand or that he acted to delay treatment in any way. The Court also finds that the complaint against Carolina Bone and Joint Center should be dismissed as well. Plaintiff's allegations that this defendant was attempting to defraud the State by conducting unnecessary medical evaluations is fanciful and without basis. Further, the allegations fail to establish that Carolina Bone and Joint Center is a State actor within the meaning of § 1983. Finally, even assuming the facts could establish the defendant was a state actor, Plaintiff's allegations merely sound in negligence and claims of negligence will not lie in a § 1983 action.

See Young, supra ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it.") (quoting Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999)).

Plaintiff alleges that Richard Nelly was the Superintendent of Lanesboro Correctional at the time Plaintiff was injured and at the time he was transferred to Brownsboro Correctional. Plaintiff alleges that Herbert Jackson was the Superintendent at Brownsboro Correctional at the time he was transferred and apparently at the time he was released. The Court finds that Plaintiff has stated a claim for relief which survives initial review against these defendants under 28 U.S.C. § 1915A(a) and will therefore order that the clerk issue process.

**IT IS, THEREFORE, ORDERED** that pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue a summons for Defendants Richard Nelly and Herbert Jackson and deliver a copy of the summonses and copies of the complaint, (Doc. No. 1), as well as a copy of this Order to the U.S. Marshals Service for service on these defendants.

**IT IS FURTHER** that the U.S. Marshals Service shall serve copies of the summons and the complaint on Defendants Richard Nelly and Herbert Jackson at the Government's expense, in accordance with Rule 4 of the Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the complaint against Defendants Dr. Sami Hassan and Carolina Bone and Joint Center is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion for copies at Government expense is **DENIED** without prejudice. (Doc. No. 14).

**IT IS SO ORDERED.**

Signed: July 28, 2014

Robert J. Conrad, Jr.
United States District Judge